DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which sentenced appellant, David W. Bowmer, to a term of incarceration. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On February 28, 2002, appellant was indicted on one count of failure to appear in violation of R.C. 2937.29, a fourth degree felony. The indictment arose from appellant's failure to appear at an interview for a presentence investigation and for sentencing in another case. Appellant had previously pled guilty to operating a motor vehicle while under the influence ("OMVI"), a violation of R.C. 4511.19(A)(1), a fifth degree felony, and had been released on a recognizance bond.
 {¶ 3} On May 16, 2002, appellant withdrew his previously entered not guilty plea and entered a plea of guilty. A presentence investigation was ordered. On June 17, 2002, appellant was sentenced to eighteen months incarceration, the maximum term of incarceration for a fourth degree felony.[1] Appellant filed a timely notice of appeal and sets forth the following assignment of error:
 {¶ 4} "The sentence of Defendant by a trial court constitutes an abuse of discretion and is contrary to law."
 {¶ 5} In his assignment of error, appellant argues that his sentence is contrary to law. Specifically, appellant argues that the trial court erred by imposing 18 months incarceration. This court finds no merit in this assignment of error.
 {¶ 6} A sentence may be contrary to law if the trial court failed to take into account express sentencing criteria. State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589. Pursuant to R.C.2953.08(G)(1)(a) and (d)[2], an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence," it does not rise to the level of "evidence beyond a reasonable doubt." Statev. Ingram (1992), 82 Ohio App.3d 341, 346.
 {¶ 7} A term of incarceration for a fourth degree felony may be imposed pursuant to R.C. 2929.13(B). Under R.C. 2929.13(B)(1), a trial court sentencing an offender under a fourth or fifth degree felony shall determine whether any of nine factors set forth in subsections (a) through (i) of that section apply. If the trial court: (1) finds that any of the factors apply; (2) considers the R.C. 2929.12 seriousness and recidivism factors; (3) finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (4) finds that the offender is "not amenable to an available community control sanction," the court "shall impose a prison term upon the offender." See R.C. 2929.13(B)(2)(a).
 {¶ 8} For those felony offenders who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense. R.C. 2929.14(B). See, also, State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09. A court imposing a sentence on a felony offender who has not previously served a prison term "shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). See, also, State v.Shinn (June 14, 2000), Washington App. Nos. 99CA29 and 99CA35, discretionary appeal not allowed, 90 Ohio St.3d 1448.
 {¶ 9} Further, a court imposing the maximum sentence upon a felony offender may do so "only upon," among others, "offenders who pose the greatest likelihood of committing future crimes * * *." R.C. 2929.14(C). See, also State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121; Statev. Beasley (June 11, 1998), Cuyahoga App. No. 72853. Courts that impose the maximum sentence must provide reasons for doing so. R.C.2929.19(B)(2)(d). See, also, State v. Edmonson (1999) 86 Ohio St.3d 324,328.
 {¶ 10} In the present case, appellant pled guilty to failure to appear, a fourth degree felony. The trial court found, pursuant to R.C.2929.13(B), that the failure to appear occurred while appellant was "released from custody on a bond or personal recognizance." R.C.2929.13(B)(1)(h). The court found that appellant had a long history of alcohol related offenses and had failed to respond favorably to prior sanctions. The court noted that appellant had 3 prior OMVI convictions since August 1995 and a total of 7 OMVI convictions since February 1984; that appellant had been convicted of driving while under suspension at least 3 times; and that appellant had his operator's license revoked or suspended 22 times. The court noted appellant's life-long problem with alcohol.
 {¶ 11} Although appellant has an extensive criminal history, the record shows that he has not previously served time in prison. As a result of prior OMVI convictions, appellant had been sentenced to time in jail. However, because it was not part of a prison sentence, it does not constitute prison time for purposes of R.C. 2929.14(B).
 {¶ 12} The court specifically discussed the R.C. 2929.12
seriousness and recidivism factors. The trial court noted that there were no more serious factors present and one less serious factor (appellant had never been adjudicated a delinquent child). However, the court found in regard to the recidivism factors that "the likely factors are abundant." The court indicated that appellant was not amenable to any available community control sanctions and that prison was the only appropriate sanction consistent with the purposes of R.C. 2929.11.
 {¶ 13} This court concludes that the trial court considered all the necessary factors for sentencing before sentencing appellant to 18 months in prison, the maximum term authorized. We find these actions by the trial court constituted compliance with all the statutory sentencing requirements and find no error in the trial court's determination that appellant's conduct warranted an 18 month term of incarceration.
 {¶ 14} Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 15} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Prior to legislation effective March 23, 2000, failure to appear, under R.C. 2937.29, was an unclassified felony carrying an indefinite sentence of one to five years. Now failure to appear at a proceeding in connection with a charge of the commission of a felony is classified as a fourth degree felony with a range of 6 to 18 months and a maximum sentence of 18 months. R.C. 2937.99; R.C. 2929.14(A)(4).
[2] R.C. 2953.08 provides, in pertinent part:
"(G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."